UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION :
: 15-cv-5704
                    *Plaintiff,* :
:
        - against - :
: (ECF CASE)
JOSHUA SAMUEL AARON, GERY SHALON, :
and ZIV ORENSTEIN :
:
                    *Defendants* :
:

---

**AFFIDAVIT OF ZIV ORENSTEIN**

NEW YORK          )
                           ) ss:
NEW YORK          )

ZIV ORENSTEIN, being duly sworn, deposes and says:

1.      I am one of the defendants in the above-entitled action.

2.      I am submitting this Affidavit in opposition to the SEC's Motion for Default Judgment and in support of the Motion to Dismiss the Amended Complaint.

3.      At approximately 6 am on the morning of July 21, 2015, I was visited at my home in Israel by men identifying themselves as FBI agents. They were accompanied by Israeli police. I was taken into custody at my home and transported to the local police office.

4.      Later in the day, I was transported to the Nitzan Center, part of the Ayalon Prison Complex in Ramla, Israel. I was incarcerated in that prison from July 21, 2015 until I was extradited to the United States on or about June 8, 2016. This arrest was based on charges

contained in a sealed indictment originally filed by the United States Attorney's Office in June 2015.

5. The community in Israel where my house is located receives its mail at the local post office. A notice was left at a P.O. Box adjacent to the post office. The notice indicated that there was a package at the post office for pick up. Sagit Orenstein went to the post office, signed a form, and received the envelope containing the Amended Complaint. The Hebrew document says that, "in the absence of Ziv Orenstein, I gave it to Sagit Orenstein." At this time, September 2015, I had already been in prison for several months. When Sagit opened the mail, she assumed, as did I when I heard about them, that the papers related to the criminal case in which I am charged, given the almost identical dates of filing and the charges of securities fraud.

6. Upon my incarceration, Sagit and I understood and were advised that the prison did not allow inmates' families to send papers via mail or give papers to the inmates during personal visits. At the beginning of my incarceration, I was not allowed access to the phone or to have visitors. Even when those restrictions were lessened, given three children at home, Sagit was only able to visit once every 6 to 8 weeks, and the visits were restricted to 30 minutes. Most of the visits were with our small children.

7. From the time of my arrest in Israel on July 21, 2015, through my Israeli incarceration, and until my extradition to the United States on June 8, 2016, I was never served with the Amended Complaint. I did not see it, read it or possess it until I was in the United States.

8. The Amended Complaint alleges, at Paragraph 42, that in connection with a company called NGMC, prior to Aaron and Shalon's sale of the stock of that company, Aaron

"emailed Orenstein in connection with the acquisition of NGMC shares and asked Orenstein to look into the status of those shares." I hereby adopt as if fully set forth herein and incorporate by reference the response to that allegation contained in the accompanying Memorandum of Law at page 4.

9. The Amended Complaint alleges, at Paragraph 56, as to the alleged "pump and dump" in connection with a company called BRND, prior to the allegedly fraudulent promotion, one of the other defendants "emailed Orenstein about the name of an entity to use in connection with the promotion, and Orenstein replied 'Realto Investments." I hereby adopt as if fully set forth herein and incorporate by reference the response to that allegation contained in the accompanying Memorandum of Law at page 5.

10. Among the allegations in the Amended Complaint are the averments that websites were purchased and maintained as part of the fraudulent promotion of the stocks. *See, e.g.,* Amended Complaint at ¶¶ 1, 17, 21, 24, 31 and 36. I hereby adopt as if fully set forth herein and incorporate by reference the response to those allegations contained in the accompanying Memorandum of Law at page 15.

_____
Ziv Orenstein

Sworn and subscribed to before
me this 3rd day of February, 2017.

_____
Notary Public

MATTHEW C MCCANN
Notary Public, State of New York
No. 02MC6185155
Qualified in Nassau County
Commission Expires Oct. 17, 2020

3